# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 13cr4073 DMS |
|---|---|
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO SET ASIDE, OR CORRECT, SENTENCE** |
| v. | |
| MARK ANDREW HOFMANN, | |
| Defendant. | |

This case returns to the Court on Defendant's motion to vacate his sentence and for resentencing pursuant to 28 U.S.C. § 2255. The Government filed an opposition to the motion, and Defendant filed a traverse. For the reasons set out below, the motion is denied.

## I.
## BACKGROUND

On August 20, 2013, the Government filed a Bill of Information for Wire Fraud and Notice of Forfeiture against Defendant in the United States District Court for the Eastern District of Louisiana. The case was transferred to this Court on November 13, 2013. On February 28, 2014, Defendant entered a guilty plea to the charge. On January 29, 2015, the Court sentenced Defendant to a prison term of 24 months. On November 30, 2015, Defendant filed the present motion. The Government filed its

/ / /

/ / /

opposition to the motion on April 18, 2016, and Defendant filed his traverse on May 2, 2016.[1]

## II.

## DISCUSSION

In support of the present motion, Defendant argues he received ineffective assistance of counsel in violation of the Sixth Amendment. An attorney's representation violates the Sixth Amendment right to counsel if two factors are met. *See Strickland v. Washington*, 466 U.S. 668 (1984). First, the attorney's representation must fall below an objective standard of reasonableness. *Id.* at 688. Second, there must be prejudice, *i.e.*, a reasonable probability that but for counsel's errors, the result of the proceedings would have been different. *Id.* at 694.

Here, Defendant argues his trial counsel was ineffective in failing to investigate, present evidence and explain the transaction between Defendant and Daniel Hendrickson.[2] Contrary to Defendant's assertion, however, trial counsel did investigate the transaction between Defendant and Daniel Hendrickson. (*See* Govt's Opp'n to Mot., Ex. 13). Specifically, trial counsel employed two investigators to find Mr. Hendrickson's contact information, and one of those investigators sent Mr. Hendrickson an email about the case. (*Id.* ¶ 5.) In that email, the investigator stated she was "trying to get confirmation of the repayment [of the loan from Mr. Hendrickson to Defendant] along with a copy of the promissory note for the loan."

/ / /

---

[1] In the briefing on this motion, the parties disagree about whether the motion is precluded by the Plea Agreement in this case. It is not. (*See* Docket No. 10 at 11) ("The defendant also waives, to the full extent of the law, any right to appeal or to collaterally attack his sentence, *except a post-conviction collateral attack based on a claim of ineffective assistance of counsel*, unless the Court imposes a custodial sentence above the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing.") (emphasis added).

[2] Defendant also asserts his trial counsel was ineffective in failing to present evidence that the majority of the loss was being attributed to Defendant as opposed to his partner Timothy Monahan. (Mot. at 13.) However, Defendant fails to explain this argument, and does not address it in his reply brief. Therefore, the Court will not address this argument further.

(*Id.*) The investigator gave Mr. Hendrickson her contact information in that email. (*Id.*)

In response to that email, Mr. Hendrickson left a voicemail for the investigator. (*Id.* ¶ 7.) Trial counsel listened to the voicemail, "and Hendrickson was very upset with Hofmann.  Hendrickson said Hofmann still owed him money.  [Trial counsel] had the impression that Hendrickson was hostile toward Hofmann and 'out for blood.'" (*Id.*) Trial counsel then contacted Defendant about Mr. Hendrickson's voicemail. (*Id.* ¶ 8.) After discussing the matter, trial counsel and Defendant "concluded that we would not pursue Hendrickson any further." (*Id.*)

Despite this evidence, Defendant now claims his trial counsel's investigation was constitutionally inadequate because he failed to speak to Mr. Hendrickson and also failed to ask Mr. Hendrickson "whether the payments made to him were on a loan related to the Covington Medical Arts Pavilion[.]" (Traverse at 5.) Defendant's current counsel asserts he called Mr. Hendrickson and received "a return phone call in ten minutes." (*Id.* at 4 n.3.) Current counsel obtained a Declaration from Mr. Hendrickson, in which he states the money he provided to Defendant was a "loan." (Def.'s Mot., Ex. D ¶ 5), and he also obtained an unsigned copy of the written agreement between Mr. Hendrickson and Defendant's partner Mr. Monahan. (Def.'s Mot., Ex. B.) Defendant argues that if his trial counsel had obtained this evidence, his sentence would have been different.

The Court disagrees with both assertions. First, trial counsel's failure to speak personally with Mr. Hendrickson was not objectively unreasonable.  After trial counsel's investigator reached out to Mr. Hendrickson, the investigator received a voicemail from Mr. Hendrickson in which he sounded "very upset[.]" (Govt's Opp'n to Mot., Ex. 13 ¶ 7.) Trial counsel "had the impression that Hendrickson was hostile toward Hofmann and 'out for blood.'" (*Id.*) Under these circumstances, it was reasonable for trial counsel to communicate his impression to his client, and for trial counsel to decide, after consultation with his client, not to pursue Mr. Hendrickson any

1 further. Because trial counsel's "actions reflect a deliberate choice of reasonable strategy, they do not fall outside reasonable professional norms." *Miles v. Ryan*, 713 F.3d 477, 491 (9th Cir. 2013). Furthermore, even if trial counsel had submitted the evidence submitted with the present motion, Defendant has not shown that his sentence would have been different. Although Mr. Hendrickson considered the transaction with Mr. Monahan to be a loan, (Def.'s Mot., Ex. D ¶ 8), the written agreement, which is unsigned, repeatedly refers to the transaction as a "Short Term Investment," not a loan. (Def.'s Mot., Ex. B.) At a minimum, the evidence is in conflict, and it does not satisfy Defendant's burden to show there is a reasonable probability his sentence would have been different.

### III.
### CONCLUSION

For these reasons, the Court denies Defendant's motion to vacate or set aside his sentence pursuant to 28 U.S.C. § 2255.

**IT IS SO ORDERED**.

DATED: June 16, 2016

_____
HON. DANA M. SABRAW
United States District Judge